IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 1:05-cr-00029-MP-AK

MARK J. SPANGLER,

    Defendant.

_____/

**O R D E R**

On Wednesday, January 7, 2009, the Court held a hearing on the status of Defendant's supervised release, which is scheduled to expire on January 14, 2009.  At the hearing, the Government sought clarification of this Court's previous ruling on the matter of the sale by Defendant to his father, James F. Spangler, of the University Club of Gainesville, Inc., which sale included the club's inventory and liquor license.  Previously, this Court held that the sale was fraudulent and ordered Defendant to transfer to the Government his interest in the property. See Doc. 51; see also Doc. 74 at 59-63.  However, because Defendant's father is not a party to this action, the Court made no ruling on his interest in the property.  See id. at 63.  The Government, in an apparent effort to remedy this, has filed a motion, Doc. 92, seeking to void Defendant's sale of the liquor license.  In its motion, the Government states:

> Through this motion, the Government is providing notice to the father, James F. Spangler, that the Government intends to obtain an order setting aside the sale or transfer of th liquor license from Defendant to James F. Spangler, acting in his individual capacity or as a representative of any other legal entity which currently holds the liquor license.

Doc. 92 at 2.  It does not appear to the Court that this matter is related in any way to the issue of Defendant's supervised release.  Accordingly, the Court will allow Defendant's

supervised release to expire as scheduled.  However, the Court will retain jurisdiction on the issue of the sale of the liquor license in this case, BEV11 00001, owned by the University Club of Gainesville, Inc.

**DONE AND ORDERED** this   *12th* day of January, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge
